# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DANIEL J. STERMER, as Receiver for NATIONAL SENIOR INSURANCE, INC. D/B/A SEEMAN HOLTZ, CENTURION ISG SERVICES, LLC, EMERALD ASSETS 2018, LLC, INTEGRITY ASSETS, 2016, LLC, INTEGRITY ASSETS, LLC, PARA LONGEVITY 2014-5, LLC, PARA LONGEVITY 2015-3, LLC, PARA LONGEVITY 2015-5, LLC, PARA LONGEVITY 2016-3, LLC, PARA LONGEVITY 2016-5, LLC, PARA LONGEVITY 2018-3, LLC, PARA LONGEVITY 2018-5, LLC, PARA LONGEVITY 2019-3, LLC, PARA LONGEVITY 2019-5, LLC, PARA LONGEVITY VI, LLC, SH GLOBAL, LLC N/K/A PARA LONGEVITY V, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　　Defendant. | **Case No.** _____<br><br>[Removed from the Circuit Court of Palm Beach County, Florida, Case No. 50-2024-CA-004345-XXXA-MB] |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes this case from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, Wells Fargo states as follows:

1. On May 9, 2024, Daniel J. Stermer (the "Receiver") filed a Complaint as Receiver for National Senior Insurance, Inc. d/b/a Seeman Holtz; Centurion ISG Services, LLC; Emerald Assets 2018, LLC; Integrity Assets 2016, LLC; Integrity Assets, LLC; Para Longevity 2014-5, LLC; Para Longevity 2015-3, LLC; Para Longevity 2015-5, LLC; Para Longevity 2016-3, LLC; Para Longevity 2016-5, LLC; Para Longevity 2018-3, LLC; Para Longevity 2018-5, LLC; Para Longevity 2019-3, LLC; Para Longevity 2019-5, LLC; Para Longevity VI, LLC; and SH Global, LLC n/k/a Para Longevity V, LLC, (collectively, the "Receivership Entities") in Case No. 50-2024-CA-004345-XXXA-MB, titled *Daniel J. Stermer, et al. v. Wells Fargo Bank, N.A.*, in the Fifteenth Judicial Circuit Court of Palm Beach County, Florida (the "State Court Action"). A copy of all filings in the State Court Action is attached hereto as **Exhibit 1**.

2. In the Complaint, the Receiver asserts claims against Wells Fargo for aiding and abetting breach of fiduciary duties (Compl. ¶¶ 221-231), aiding and abetting fraud (*Id.* at ¶¶ 232-243), negligence (*Id.* at ¶¶ 244-249), and unjust enrichment (*Id.* at ¶¶ 250-254).

3. Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1).

4. Wells Fargo was served with the Complaint on May 14, 2024.

5. This Notice of Removal is filed with this Court within thirty (30) days of service of the Complaint.

## **DIVERSITY JURISDICTION**

6. A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case

originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction because: (1) there is complete diversity of citizenship between the Receiver and Wells Fargo, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

**A. Complete Diversity Exists Between Wells Fargo and the Receiver.**

8. This action satisfies the complete diversity requirement because it is between a citizen of a state and a citizen of a foreign state.  *See* 28 U.S.C. § 1332(a)(1).

9. Wells Fargo is informed and believes that at all relevant times, the Receiver was and is domiciled in, and is therefore a citizen of, the United States and the State of Florida.  The Complaint also concedes that the Receiver is a resident of the State of Florida.  *See* Compl. ¶ 28.  Thus, the Receiver is a citizen of Florida for diversity purposes.

10. Wells Fargo is a national banking association organized under the laws of the United States with its principal office located at 101 N. Phillips Ave., Sioux Falls, South Dakota, 57104.  *See Rouse v. Wachovia Mortgage, F.S.B.*, 747 F.3d 707, 715 (9th Cir. 2014) ("Wells Fargo is a citizen only of South Dakota, where its main office is located"); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) ("Wells Fargo is a citizen of South Dakota for diversity purposes."); *Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 536 (6th Cir. 2012) (same); *Martin v. Wells Fargo Bank, N.A.*, No. 20-16365, 2022 WL 3594268, at *1 (9th Cir. Aug. 23, 2022) (holding that the parties were diverse because Wells Fargo is a citizen only of South Dakota); *Muff v. Wells Fargo Bank NA*, 71 F.4th 1094, 1098 n.2 (8th Cir. 2023) ("Wells Fargo

Bank is a South Dakota citizen"); *see also* Compl. ¶ 29 ("Wells Fargo is a nationally chartered bank, headquartered in Sioux Falls, South Dakota.").

11. Thus, Wells Fargo is a citizen of South Dakota for diversity purposes. *See* 28 U.S.C. § 1348 (national banking association deemed citizen of State in which located); *see generally Wachovia Bank, National Association v. Schmidt*, 546 U.S. 303 (2006) (for diversity jurisdiction purposes, national banking association deemed to be citizen of state in which located; national banking association located in state in which main office is located as designated in articles of association); *Wells Fargo Bank, N.A. v. Bonaby*, No. 17-cv-20266-GAYLES, 2017 WL 364460, at *1 (S.D. Fla. Jan. 25, 2017) (national bank is citizen only of the state where its main office is located as designated by its articles of association) (citing *Rouse*, 747 F.3d, at 715); *Rouse*, 747 F.3d at 715 ("Wells Fargo is a citizen only of South Dakota, where its main office is located"); *McKenna*, 693 F.3d at 212 (*quoting Hargrow*, 2012 WL 2552805, at *2).

12. Therefore, because the Receiver is a citizen of Florida and Wells Fargo is a citizen of South Dakota, complete diversity exists for the purposes of removal pursuant to 28 U.S.C. § 1332.

**B. The Amount in Controversy Exceeds $75,000.**

13. Although Wells Fargo denies any liability as to the Receiver's claims, based on the allegations, claims, and prayer for relief set forth in the Complaint, the amount in controversy in this action exceeds the sum of $75,000.

14. The Receiver states that he is entitled to recover the following relief:

   a. Actual compensatory, consequential, and incidental damages in an amount to be proven at trial;
   b. Such civil penalties as allowed by law;
   c. Return of income and fees retained by Wells Fargo from the funds held in Plaintiffs' bank accounts; and
   d. Any other relief the Court deems just and proper.

*See* Compl. ¶ 249.  The Receiver also seeks pre- and post-judgment interest.  *Id.*

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16. "As 'masters of their complaint' plaintiffs are free to purposely omit information that would allow a defendant to allege the amount in controversy with pinpoint precision." *Scott v. Cricket Commc'n, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005)).  Thus, in many removal cases, a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions.  *Id.*

17. Although Wells Fargo denies that the Receiver is entitled to recover any amount, and specifically denies that the Receiver is entitled to the relief in the various forms sought, the allegations stated in the Complaint place the amount in controversy at more than $75,000 worth of damages, exclusive of interests and costs.

18. Specifically, the Complaint seeks several forms of damages related to an alleged multi-million dollar Ponzi scheme, which allegedly resulted in millions of dollars of loss to investors.  Accordingly, the allegations of the Complaint show that the amount in controversy exceeds $75,000.

19. Venue lies in this Court because Plaintiff's action is pending in Palm Beach County, Florida, which is within the Southern District of Florida.

20. This case is not precluded from being removed under 28 U.S.C. § 1445 because: (a) it is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. §§ 51-54, 55-60; (b) it is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) it does not arise

under the workmen's compensation laws; and (d) it does not arise under section 40302 of the Violence Against Women Act of 1994.

21.     Therefore, this case may be removed because (i) there is complete diversity of citizenship between the parties; (ii) the amount in controversy exceeds $75,000 exclusive of interests and costs; and (iii) no exceptions apply.

22.     Contemporaneously with the removal of this action, Wells Fargo has given written notice of this Notice of Removal to the Circuit Court of Palm Beach, Florida, as well as the Receiver, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of the Notice of Removal, without exhibits, is attached hereto as **Exhibit 2.**

23.     If any question arises as to the propriety of the removal of this action, Wells Fargo respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Wells Fargo hereby removes the above-captioned action now pending in State Court to the United States District Court for the Southern District of Florida.

Dated: June 7, 2024	Respectfully submitted,

**McGUIREWOODS LLP**

*/s/ Emily Y. Rottmann*
Emily Y. Rottmann
Florida Bar No. 93154
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
clambert@mcguirewoods.com

Jarrod Shaw (*pro hac motion forthcoming*)
Nellie Hestin (*pro hac motion forthcoming*)
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: (412) 667-6000
jshaw@mcguirewoods.com
nhestin@mcguirewoods.com

*Attorneys for Defendant*
*Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2024, a true copy of the foregoing was filed with the Court of Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

/s/ Emily Y. Rottmann
Attorney
